UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| FLORIDA IMMIGRANT COALITION; FARMWORKER ASSOCIATION OF FLORIDA, INC.; Y.M.; and V.V., <br><br> *Plaintiffs*, <br><br> v. <br><br> JAMES UTHMEIER, in his official capacity as the Attorney General of the State of Florida; NICHOLAS B. COX, in his official capacity as the Florida Statewide Prosecutor; GINGER BOWDEN MADDEN, in her official capacity as State Attorney for the First Judicial Circuit of Florida; JACK CAMPBELL, in his official capacity as State Attorney for the Second Judicial Circuit of Florida; JOHN DURRETT, in his official capacity as State Attorney for the Third Judicial Circuit of Florida; MELISSA NELSON, in her official capacity as State Attorney for the Fourth Judicial Circuit of Florida; WILLIAM GLADSON, in his official capacity as State Attorney for the Fifth Judicial District of Florida; BRUCE BARTLETT, in his official capacity as State Attorney for the Sixth Judicial Circuit of Florida; R.J. LARIZZA, in his official capacity as State Attorney for the Seventh Judicial Circuit of Florida; BRIAN S. KRAMER, in his official capacity as State Attorney for the Eighth Judicial Circuit of Florida; MONIQUE H. WORRELL, in her official capacity as State Attorney for the Ninth Judicial Circuit of Florida; BRIAN HAAS, in his official capacity as State Attorney for the Tenth Judicial Circuit of Florida; KATHERINE FERNANDEZ RUNDLE, in her official capacity as State Attorney for the Eleventh Judicial Circuit of Florida; ED BRODSKY, in his official capacity as State Attorney for the Twelfth | Case No. _____ <br><br> **CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Judicial Circuit of Florida; SUSAN S. LOPEZ, in her official capacity as State Attorney for the Thirteenth Judicial Circuit of Florida; LARRY BASFORD, in his official capacity as State Attorney for the Fourteenth Judicial Circuit of Florida; ALEXCIA COX, in her official capacity as State Attorney for the Fifteenth Judicial Circuit of Florida; DENNIS W. WARD, in his official capacity as State Attorney for the Sixteenth Judicial Circuit of Florida; HAROLD F. PRYOR, in his official capacity as State Attorney for the Seventeenth Judicial Circuit of Florida; WILLIAM SCHEINER, in his official capacity as State Attorney for the Eighteenth Judicial Circuit of Florida; THOMAS BAKKEDAHL, in his official capacity as State Attorney for the Nineteenth Judicial Circuit of Florida; and AMIRA D. FOX, in her official capacity as State Attorney for the Twentieth Judicial Circuit of Florida,

*Defendants*.

## INTRODUCTION

1. This action challenges Florida's Senate Bill 4-C ("S.B. 4C"), now codified at Fla. Stat. §§ 811.101-.103 (2025), which purports to give Florida state officials unprecedented power to arrest, detain, and prosecute noncitizens in the State of Florida. Under this novel system, the State of Florida has created its own immigration crimes, completely outside the federal immigration system. State police will arrest noncitizens for these entry and re-entry crimes; state prosecutors will bring charges in state courts; and state judges will determine guilt and impose sentences. The federal government has no control over, nor any role at all in, these arrests and prosecutions.

2. S.B. 4C violates the Supremacy Clause of the United States Constitution. Immigration is a quintessentially federal authority. Congress has created a carefully calibrated immigration system over time, engaging in debate and grappling with nuances to produce the detailed provisions governing people's entry into the United States and their right to remain here. And Congress placed all the relevant tools and decision-making authority in the hands of federal officials—in keeping with the federal government's well established exclusive immigration powers and the sensitive foreign policy implications of these powers.

3. S.B. 4C jettisons this system, grasping control over immigration from the federal government and giving State officers the power to prosecute immigration crimes on their own. In doing so, S.B. 4C declares the State off-limits to entire categories of immigrants, many of whom have or are seeking federal permission to be in the United States.

4. S.B. 4C also violates the Commerce Clause because it impermissibly regulates people's entry into Florida, and it imposes unacceptable burdens on interstate and foreign commerce.

5. Plaintiffs hereby file this complaint for declaratory and permanent injunctive relief. Plaintiffs will seek a temporary restraining order and a preliminary injunction to enjoin

1

enforcement of S.B. 4C immediately.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Florida because a substantial portion of the relevant events occurred or will occur in the District and a substantial number of Plaintiffs are located in the District. 28 U.S.C. § 1391(b). Defendants are sued in their official capacity. Each Defendant resides within the State of Florida.

## PARTIES

### A. Plaintiffs

8. Plaintiff Farmworker Association of Florida, Inc. ("FWAF") is a non-profit organization with headquarters in Apopka, Florida and offices throughout the state, including in Homestead, Fellsmere, Immokalee, and Pierson.

9. FWAF is a grassroots and community-based membership organization with nearly 12,000 members.

10. FWAF's mission is to support and to build power among farmworkers and rural low-income communities. FWAF's programs focus primarily on encouraging farmworkers' civic participation, building farmworker coalitions, supporting workers' rights, improving working conditions, advocating for immigrants' rights, and safeguarding farmworkers' health and safety.

11. FWAF serves seasonal workers, most of whom are immigrants who travel to Florida with the seasons to harvest crops. To do so, FWAF's members travel back and forth between Florida, Georgia, and Alabama, crossing back into Florida multiple times per year.

12. FWAF's members include individuals who would be subject to prosecution under S.B. 4C. They will be directly affected by the disruption, uncertainty, and fear created by S.B. 4C.

13. Many of these members entered the United States without inspection and now have a wide range of immigration statuses and histories. For example, FWAF members include: naturalized citizens, asylees, lawful permanent residents ("LPR"), humanitarian parole recipients, holders of a visa for temporary agricultural workers ("H-2A visa"), recipients of Deferred Action for Childhood Arrivals ("DACA"), holders of Temporary Protected Status ("TPS"), recipients of Special Immigrant Juvenile Status ("SIJS"), former unaccompanied minors who were released to relatives or sponsors and were permitted to stay in the United States under the custody of the Office of Refugee Resettlement ("ORR"), federal protection beneficiaries, such as persons covered under the Violence Against Women Act ("VAWA"), holders of a visa for Victims of Human Trafficking ("T visa"), holders of a visa for Victims of Criminal Activity ("U visa"), and persons possessing orders to withhold and/or defer their removal.

14. FWAF members also include people who have submitted applications for a wide range of immigration benefits and relief that have yet to be resolved, people who are currently in removal proceedings, people who have been released from federal custody with and without federal notices to appear in immigration court, and people who entered unlawfully and have not subsequently had contact with federal immigration authorities.

15. FWAF member W.A. is a 36-year-old national of Mexico who lives in Apopka, Florida. W.A. lives with her two U.S. citizen children, who are 8 and 13. She entered the United States without inspection in 2003, when she was 17 years old, and has lived in the country continuously since then. W.A. generally travels outside of Florida on occasion for holidays, including Christmas and spring break, and then returns to Florida. She fears being arrested under S.B. 4C's Illegal Entry provision and fears having to be separated from her children.

16. Individual Plaintiff V.V. is a 35-year-old national of Guatemala who lives in Immokalee,

Florida and is a member of FWAF.  She lives with her husband and her U.S.-citizen children, who are 1, 3, 7, and 14 years old.  V.V. was previously deported, and she last reentered the United States without inspection in 2014.  She fears being arrested under S.B. 4C's Illegal Reentry provision and is deeply concerned about being separated from her husband and U.S.-citizen children.

17. Plaintiff Florida Immigrant Coalition ("FLIC") is a non-profit organization with headquarters in Miami, Florida and team members throughout the state, including in Broward, Palm Beach, Orange, Osceola, and Duval.

18. FLIC is a grassroots and community-based membership organization with nearly more than 100 individual members and 85 member organizations.

19. FLIC's mission is to grow the connection, capacity, and consciousness of communities to strengthen pro-immigrant power in Florida.  FLIC is dedicated to strengthening community ties, enhancing capabilities, and raising awareness to increase the impact of pro-immigrant initiatives across Florida that help our neighbors, community, and friends.

20. FLIC's members travel back and forth between Florida and other states for myriad reasons, including work, visits to family members, and travel.

21. FLIC's members include individuals who would be subject to prosecution under S.B. 4C. They will be directly affected by the disruption, uncertainty, and fear created by S.B. 4C.

22. Many of these members entered the United States unlawfully and now have a wide range of immigration statuses and histories.  For example, FLIC members include: naturalized citizens, asylees, LPRs, humanitarian parole recipients, H-2A visa holders, recipients of DACA, TPS holders, recipients of SIJS, former unaccompanied minors who were released to relatives or sponsors and were permitted to stay in the U.S. under the custody of ORR, federal protection

4

beneficiaries, such as persons covered under VAWA, holders of T visas, holders of U visas, and persons possessing orders to withhold and/or defer their removal.

23. FLIC members also include people who have submitted applications for a wide range of immigration benefits and relief that have yet to be resolved, people who are currently in removal proceedings, people who have been released from federal custody with and without federal notices to appear in immigration court, and people who entered unlawfully and have not subsequently had contact with federal immigration authorities.

24. FLIC members also include organizations whose members, in turn, include individuals who would be subject to prosecution under S.B. 4C. They will be directly affected by the disruption, uncertainty, and fear created by S.B. 4C.

25. FLIC members also include organizations that serve immigrants, whose daily operations will be upended by S.B. 4C. S.B. 4C will force these organizations to divert significant resources from existing programs. S.B. 4C will strain already scarce resources and staff capacity, make the organizations' work more costly and difficult, require additional funding and personnel, divert resources to entirely new lines of work, and hinder client communication and services that are central to the organizations' activities. S.B. 4C will significantly burden the organizations' abilities to fulfill their missions through their programs and activities.

26. Individual Plaintiff Y.M. is a 40-year-old citizen of Honduras. She lives in Gainesville, Florida with her U.S.-citizen son, who is a minor with a disability. She is a member of FLIC.

27. Y.M. entered the United States without inspection more than twenty years ago and has not left the United States since that time. She submitted a U visa application in 2022, which is still pending.

28. Y.M. leaves Florida about twice per year on family vacations; her family recently traveled

to Georgia. She is worried about the risk of arrest or detention under S.B. 4C's Illegal Entry provision. If detained under S.B. 4C, she fears that she will be separated from her U.S.-citizen child, who has a disability, for whom she is the primary caretaker and provider.

29. Individual Plaintiff V.V. is also a member of FLIC.

**B. Defendants**

30. Defendant James Uthmeier is the Attorney General of Florida, the chief legal officer of the State. Fla. Const. art. IV, § 4(b). He is sued in his official capacity. In that capacity, he is responsible for the enforcement of S.B. 4C. The Attorney General is required to appear in the courts on behalf of the State of Florida. Fla. Stat. § 16.01(4). Under Florida law, the office of Attorney General also encompasses the Office of Statewide Prosecution. Fla. Const. art. IV § 4(b). This office has concurrent jurisdiction with state attorneys to prosecute alleged violations of certain criminal laws, including violations of S.B. 4C. *See id.*; Fla. Stat. § 16.56(1)(a)(15).

31. Defendant Nicholas B. Cox is the Statewide Prosecutor of the State of Florida, appointed by Defendant Attorney General Uthmeier. *See* Fla. Const. art. IV § 4(b); Fla. Stat. § 16.56(2). The Statewide Prosecutor has concurrent jurisdiction with state attorneys to prosecute alleged offenses, including violations of S.B. 4C. *See* Fla. Stat § 16.56(1)(a)(15). As Statewide Prosecutor, Defendant Cox has the power to, among other duties, "conduct hearings at any place in the state; summon and examine witnesses; require the production of physical evidence; sign informations, indictments, and other official documents; [and] confer immunity." Fla. Stat. § 16.56(3).

32. Defendants State Attorneys Ginger Bowden Madden, Jack Campbell, John Durrett, Melissa W. Nelson, William Gladson, Bruce Bartlett, R.J. Larizza, Brian S. Kramer, Monique H. Worrell, Brian Haas, Katherine Fernandez Rundle, Ed Brodsky, Susan S. Lopez, Larry Basford,

6

Alexcia Cox, Dennis W. Ward, Harold F. Pryor, William Scheiner, Thomas Bakkedahl, and Amira D. Fox are the state attorneys for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, and Twentieth Judicial Circuits of Florida, respectively.  They are proper defendants because they are the prosecuting officers of all trial courts in their respective circuits. Fla. Const. art. V, § 17.

## STATEMENT OF FACTS

### A. Legal Background: Comprehensive Federal Immigration System

33.     The federal government has exclusive power over immigration. *See, e.g., Arizona v. United States*, 567 U.S. 387, 394-95 (2012).

34.     Congress has created a comprehensive system of federal laws regulating and enforcing immigration in the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101 et seq.

35.     Federal immigration statutes and the associated implementing regulations and precedential administrative law decisions form an exceptionally detailed, complex, and finely reticulated regulatory regime. Congress has frequently amended the relevant provisions of the INA, including by passing particularly significant legislation in 1952, 1965, 1980, 1986, 1990, 1996, 2000, 2001, 2005, and 2008, along with dozens of other Acts modifying the immigration regime in countless ways.  Immigration legislation is proposed in every single Congress and frequently forms a point of major national debate.

36.     The INA contains complex and exclusive procedures for determining immigration and citizenship status and for determining whether an individual may lawfully enter and remain in the United States, either temporarily or permanently. *See, e.g.*, 8 U.S.C. § 1229a(a)(3).  Under federal law, there is no single, readily ascertainable category or characteristic that establishes whether a

particular person may or may not be permitted to enter or to remain in the United States. The answer to that question can only be reached through the processes outlined in the INA and may depend on the discretionary determinations of federal officials.

37. Many people who enter the United States between ports of entry ultimately obtain federal authorization to remain in the United States temporarily, indefinitely, or permanently.

38. Congress has established that entry into the United States is a crime under certain circumstances. 8 U.S.C. § 1325 ("Improper Entry by Alien") provides criminal penalties for noncitizens who, inter alia, enter the United States at any time or place other than as designated by immigration officers. Similarly, 8 U.S.C. § 1326 ("Reentry of Removed Aliens") provides criminal penalties for noncitizens who reenter the United States without authorization after entry of an order of removal.

39. Prosecution for the federal entry and reentry crimes are matters of federal discretion. Federal agents and policymakers may choose to deploy these tools—or not—for a wide range of reasons, including national priorities, migration patterns, international relationships, and humanitarian concerns.

**B. S.B. 4C**

40. On February 13, 2025, Governor Ron DeSantis signed S.B. 4C into law. It went into effect immediately.

41. S.B. 4C created two new state law offenses: "Illegal Entry by Adult Unauthorized Alien Into This State" and "Illegal Reentry of an Adult Unauthorized Alien." S.B. 4C §§ 3-4 (codified at Fla. Stat. §§ 811.102-.103).

42. Each of these offenses can only be committed by an "unauthorized alien," which S.B. 4C defines as any person who is "unlawfully present in the United States according to the terms of the

federal Immigration and Nationality Act." S.B. 4C §§ 3(1), 4(1) (codified at Fla. Stat. §§ 811.102(1), 811.103(1)); Fla. Stat. § 908.111(1)(d).

43. A noncitizen who is 18 years of age or older commits a violation of "Illegal Entry" if he or she "knowingly enters or attempts to enter this state after entering the United States by eluding or avoiding examination or inspection by immigration officers." S.B. 4C § 2(1) (codified at Fla. Stat. § 811.102(1)).

44. "[A]ffirmative defense[s] to prosecution" for "Illegal Entry" exist if (1) the federal government has granted the noncitizen lawful presence in the United States or discretionary relief that authorizes the noncitizen to remain in the United States temporarily or permanently; or (2) the noncitizen is subject to relief under the Cuban Adjustment Act of 1966; or (3) the noncitizen's entry into the United States did not constitute a violation of 8 U.S.C. § 1325(a). S.B. 4C § 3(4) (codified at Fla. Stat. § 811.102(4)). The statute does not define "lawful presence" or "discretionary relief."

45. A noncitizen is also exempt from arrest for "Illegal Entry" if he or she "was encountered by law enforcement during the investigation of another crime that occurred in this state and the unauthorized alien witnessed or reported such crime or was a victim of such crime." S.B. 4C § 3(3) (codified at Fla. Stat. § 811.102(3)).

46. S.B. 4C does not provide a defense for people currently seeking asylum, other humanitarian protection, or any other relief available under federal law.

47. A first violation of "Illegal Entry" is a misdemeanor of the first degree punishable by a mandatory minimum term of imprisonment of 9 months. A second subsequent violation is a felony punishable by a mandatory minimum term of imprisonment of 1 year and 1 day. Any subsequent violation is a felony punishable by a mandatory minimum term of imprisonment of 2 years. S.B.

9

4C § 3(1)-(2) (codified at Fla. Stat. § 811.102(1)-(2)).

48. S.B. 4C also created a crime of "Illegal Reentry." This provision makes it a crime if a noncitizen who is 18 years or older "enters, attempts to enter, or is at any time found in this state" after they have been "denied admission, excluded, deported, or removed, or ha[ve] departed the United States during the time an order of exclusion, deportation, or removal is outstanding." S.B. 4C § 4(1) (codified at Fla. Stat. § 811.103(1)).

49. A noncitizen is not subject to the "Illegal Reentry" provision if they are located outside the United States and (1) the U.S. Attorney General has "expressly consented to [their] reapplication for admission"; or (2) they were "not required to obtain such advance consent under the Immigration and Nationality Act." S.B. 4C § 4(1) (codified at Fla. Stat. § 811.103(1)).

50. A violation of "Illegal Reentry" is a felony punishable by a mandatory minimum term of imprisonment of 1 year and 1 day. S.B. 4C § 4(2) (codified at Fla. Stat. § 811.103(2)). A noncitizen is subject to a mandatory minimum term of imprisonment of 2 years if they have three or more prior convictions for a misdemeanor or a felony, and 5 years if they have a prior conviction for a forcible or aggravated felony. S.B. 4C § 4(3) (codified at Fla. Stat. § 811.103(3a)).

51. Noncitizens arrested for "Illegal Entry" or for "Illegal Reentry" must be detained pending disposition of the case. S.B. 4C §§ 3(5), 4(4) (codified at Fla. Stat. §§ 811.102(5), 811.103(4)).

52. Noncitizens charged with or convicted of either provision are not eligible for a "civil citation, prearrest or post arrest diversion program, or other similar program[s]." S.B. 4C §§ 3(6), 4(5) (codified at Fla. Stat. §§ 811.102(6), 811.103(5)); Fla. Stat. §§ 901.41, 921.00241.

53. Upon a noncitizen's arrest for "Illegal Entry" or "Illegal Reentry," the arresting law enforcement agency must notify and provide information to: (1) Immigration and Customs Enforcement ("ICE") and (2) the Department of Law Enforcement. S.B. 4C §§ 3(7), 4(6) (codified

at Fla. Stat. §§ 811.102(7), 811.103(6)).

54. S.B. 4C applies statewide, without any exception.

55. S.B. 4C's new state system to regulate immigration completely bypasses and conflicts with the federal system.

56. S.B. 4C requires state officers to make complex determinations of federal immigration status, and to arrest and to detain people who are convicted of the new state crimes—all without any direction, input, or involvement whatsoever from federal officials.

57. S.B. 4C does not make any exception for people who entered the country unlawfully but have since begun the process of obtaining federal immigration status, even for those whom the federal immigration system has authorized to remain in the country.

58. The law will subject thousands of immigrants who enter Florida, including asylum seekers and immigrants applying for other federal immigration benefits and status, to criminal punishment. By subjecting these categories of immigrants to criminal punishment, S.B. 4C effectively banishes large categories of immigrants whose immigration cases are pending, and to whom the federal government may eventually grant lawful status, permanent residence, and citizenship.

59. As explained above, the harms of S.B. 4C will be felt acutely by the Individual Plaintiffs, who are subject to prosecution and to imprisonment under the law, as well as FWAF and FLIC, whose membership includes individuals who are subject to prosecution and to imprisonment under the law.

## CLASS ACTION ALLEGATIONS

60. FWAF, FLIC, and the Individual Plaintiffs bring this action under Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of themselves and two classes of other persons similarly situated.

61. FWAF, FLIC, and the Individual Plaintiffs seek to represent the following two classes: (1) The Entry Class: any person not a citizen or national of the United States who may now or in the future enter or attempt to enter the state of Florida after entering the United States by eluding or avoiding examination or inspection by immigration officers; and (2) The Reentry Class: any person not a citizen or national of the United States who may enter, attempt to enter, or be found in the state of Florida after the person has been denied admission to or excluded, deported, or removed from the United States; or has departed from the United States while an order of exclusion, deportation, or removal was outstanding.

62. The proposed classes satisfy the requirements of Rule 23(a)(1) because each respective class is so numerous that joinder of all members is impracticable. Hundreds if not thousands of noncitizens will be subjected to arrest, detention, and prosecution under S.B. 4C and its implementation by Defendants. The proposed classes also include numerous future noncitizens who will enter Florida and will be subjected to S.B. 4C.

63. The proposed classes satisfy the commonality requirements of Rule 23(a)(2). The members of the respective classes are subject to a common practice: arrest, detention, and prosecution under S.B. 4C contrary to the Supremacy Clause and/or Commerce Clause. The suit also raises questions of law common to members of the proposed classes, including whether S.B. 4C and its implementation violate the Supremacy Clause and/or Commerce Clause as to the Entry Class and the Reentry Class.

64. The proposed classes satisfy the typicality requirements of Rule 23(a)(3), because the claims of the representative Individual Plaintiffs are typical of the claims of their respective classes. Additionally, FWAF and FLIC represent the claims of their members, and those members' claims are typical of the claims of the classes. Each proposed class member, including the

representative Individual Plaintiffs and FWAF and FLIC members, will experience or face the same principal injury (arrest, detention, and prosecution), based on the same government practice (S.B. 4C and its implementation), which is unlawful as to the respective classes because it violates the Supremacy Clause and/or Commerce Clause.

65.  The proposed classes satisfy the adequacy requirements of Rule 23(a)(4).  The representative Plaintiffs seek the same relief as the other members of their respective classes—among other things, an order declaring S.B. 4C unlawful and an injunction preventing enforcement of S.B. 4C.  In defending their rights and the rights of their members, the representative Plaintiffs will defend the rights of all proposed class members in their respective classes fairly and adequately.

66.  The proposed classes are represented by experienced attorneys from the American Civil Liberties Union Foundation Immigrants' Rights Project, the American Civil Liberties Union Foundation of Florida, and Americans for Immigrant Justice.  Proposed Class Counsel have extensive experience litigating class action lawsuits and other complex systemic cases in federal court on behalf of noncitizens, including cases asserting very similar claims to the claims asserted here.

67.  The proposed classes also satisfy Rule 23(b)(2).  Defendants will act on grounds generally applicable to the classes by subjecting them to arrest, detention, and prosecution under S.B. 4C.  Injunctive and declaratory relief is therefore appropriate with respect to the respective classes as a whole.

**CLAIMS FOR RELIEF**
**Claim One: Preemption; Equity**
**(Against all Defendants)**

68.  Plaintiffs repeat and reallege all paragraphs above and incorporate them by reference as

though fully set forth herein.

69.     The Supremacy Clause, Article VI, Section 2, of the U.S. Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land."

70.     Federal law preempts state law in any area over which Congress expressly or impliedly has reserved exclusive authority or which is constitutionally reserved to the federal government, or where state law conflicts or interferes with federal law.

71.     S.B. 4C violates the Supremacy Clause because it attempts to regulate matters that are exclusively reserved to the federal government and because it operates in a field over which Congress has exercised exclusive authority.

72.     S.B. 4C further violates the Supremacy Clause because it conflicts with federal laws, contradicts federal admission and release decisions, imposes burdens and penalties not authorized by and contrary to federal law, creates its own immigration classifications, and directs state officers to take unilateral immigration enforcement actions.

73.     Plaintiffs may sue to obtain injunctive relief against S.B. 4C in equity.

### Claim Two: Commerce Clause; Equity; 42 U.S.C. § 1983
### (Against all Defendants)

74.     Plaintiffs repeat and reallege all paragraphs above and incorporate them by reference as though fully set forth herein.

75.     The Constitution gives Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States." U.S. Const. art. I, § 8, cl. 3. The Commerce Clause not only gives Congress this power, but also bars states from interfering with Congress's regulation of interstate commerce.

76. S.B. 4C violates the Commerce Clause because it impermissibly regulates people's entry into Florida and their movement across state borders. It therefore imposes unacceptable burdens on interstate commerce.

77. Plaintiffs may sue to obtain injunctive relief against S.B. 4C in equity and under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that the Court grant the following relief:

a. Declare that the entry and reentry provisions of S.B. 4C are unlawful;

b. Preliminarily and permanently enjoin Defendants from enforcing the entry and reentry provisions of S.B. 4C;

c. Require Defendants to direct their officers, agents, and employees to cease enforcement of S.B. 4C's entry and reentry provisions;

d. Grant Plaintiffs' costs of suit, reasonable attorneys' fees, and other expenses pursuant to 28 U.S.C. § 1988; and

e. Grant any other and further relief that this Court may deem fit and proper.

Date: April 02, 2025

Respectfully submitted,

*/s/ Amy Godshall*

| | |
|---|---|
| Cody Wofsy* | Amy Godshall (FL Bar No. 1049803) |
| Spencer Amdur* | Daniel B. Tilley (FL Bar No. 102882) |
| Hannah Steinberg* | Amien Kacou (FL Bar No. 44302) |
| Oscar Sarabia Roman* | ACLU Foundation of Florida, Inc. |
| AMERICAN CIVIL LIBERTIES | 4343 West Flagler Street, Suite 400 |
| UNION FOUNDATION | Miami, FL 33134 |
| IMMIGRANTS' RIGHTS PROJECT | (786) 363-2700 |
| 425 California Street, Suite 700 | agodshall@aclufl.org |
| San Francisco, CA 94104 | dtilley@aclufl.org |
| T: (415) 343-0770 | akacou@aclufl.org |
| cwofsy@aclu.org | |
| samdur@aclu.org | |

15

| | |
|---|---|
| hsteinberg@aclu.org<br>osarabia@aclu.org<br><br>Omar Jadwat*<br>Grace Choi*<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>IMMIGRANTS' RIGHTS PROJECT<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660<br>ojadwat@aclu.org<br>gchoi@aclu.org | Paul R. Chavez (FL Bar No. 1021395)<br>Anne Janet Hernandez Anderson<br>(FL Bar No. 0018092)<br>Evelyn Wiese (CA Bar No. 338419)*<br>Christina Isabel LaRocca (FL Bar No. 1025528)<br>AMERICANS FOR IMMIGRANT JUSTICE<br>6355 NW 36 Street, Suite 309<br>Miami, FL 33166<br>(305) 576-6273<br>pchavez@aijustice.org<br>ajhernandez@aijustice.org<br>ewiese@aijustice.org<br>clarocca@aijustice.org |

*\* Motion pro hac vice forthcoming*

*Attorneys for Plaintiffs*