## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |
|---|---|
| FLORIDA IMMIGRANT COALITION, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>JAMES UTHMEIER, in his official capacity as the Attorney General of the State of Florida, *et al.*,<br><br>    *Defendants*. | Case No. 1:25-cv-21524-KMW |

## PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE SUPPORTING EXHIBITS UNDER SEAL AND MEMORANDUM IN SUPPORT THEREOF

### I.      BACKGROUND

Plaintiffs[1] bring this lawsuit challenging a law that will criminalize their existence in their home state of Florida, at a time of increasingly violent anti-immigrant rhetoric in Florida and across the country. Against this backdrop, Plaintiffs fear the dangers posed by the public revelation of their identities, and that "information of the utmost intimacy" about their own or their loved ones' sensitive personal circumstances could become public. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979) (hereinafter "*SMU*")).[2] Because this case involves highly

---

[1] Plaintiffs Florida Immigrant Coalition and Farmworker Association of Florida, Inc. do not seek leave to proceed anonymously. For purposes of this motion only, "Plaintiffs" shall refer to the individual Plaintiffs who wish to proceed under initials.

[2] Decisions of the Fifth Circuit Court of Appeals handed down on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206,

sensitive details about children, and about the discrimination, fear, and trauma that Plaintiffs and their loved ones have suffered, anonymity is warranted. Plaintiffs therefore seek leave to proceed anonymously, under the following initials: Y.M. and V.V.

Plaintiffs ask this Court to grant them leave to proceed anonymously for the following reasons: (1) Plaintiffs are challenging government activity; (2) the Complaint and subsequent pleadings will contain sensitive, personal information about their immigration statuses and hardships they and their family members have faced; (3) through this action, Plaintiffs are admitting their intention to engage in conduct that the State of Florida has recently criminalized and are thus risking criminal prosecution; and (4) proceeding anonymously will not pose any unfairness to Defendants, who can have access to Plaintiffs' identities under seal. Thus, Plaintiffs respectfully request leave to proceed anonymously.

In accordance with Local Rule 5.4(b), Plaintiffs also respectfully move this Court for leave to file under seal any subsequent declarations, which may contain Plaintiffs' full names and sensitive, personal information.

## II.    STATEMENT OF FACTS

Plaintiff *Y.M.* is a 40-year-old citizen of Honduras. *See* Decl. of Y.M. ("YM Decl.") ¶ 2, ECF No. 4-5. She lives in Gainesville, Florida with her U.S.-citizen son, who is a minor with a disability. *Id.* ¶¶ 2-3. She entered the United States without inspection more than twenty years ago, and has not left the United States since that time. *Id.* ¶ 5. She submitted a U visa application in 2022, which is still pending, based on abuse that her son's father perpetrated against her. *Id.* ¶ 6. She leaves Florida about twice per year on family vacations; her family recently traveled to Georgia. *Id.* ¶ 7. She is worried about the risk of arrest or detention under S.B. 4C's entry provision.

1207 (11th Cir. 1981).

*Id.* ¶ 8. If detained under S.B. 4C, she fears that she will be separated from her U.S.-citizen child, who has a disability, for whom she is the sole caretaker and provider. *Id.* ¶¶ 4, 8. She fears being named publicly in this lawsuit. *Id.* ¶ 9. She fears physical harm and social stigma and harassment on account of retaliation by law enforcement, by members of the public, and, most importantly, by her abuser. *Id.*

*V.V.* is a 35-year-old citizen of Guatemala. *See* Decl. of V.V. ("VV Decl.") ¶ 2, ECF No. 4-4. She lives in Immokalee, Florida with her husband and four, minor U.S.-citizen children. *Id.* ¶¶ 2-3. She entered the United States without inspection for the first time in 2005, and was soon thereafter detained and deported. *Id.* ¶ 5. She last entered the United States without inspection in 2014, and has lived in the country continuously since then. *Id.* ¶ 6. She frequently travels outside of Florida for her work. *Id.* ¶ 8. She is worried about the risk of arrest or detention under S.B. 4C. *Id.* ¶ 9. She fears being named publicly in this lawsuit. *Id.* ¶¶ 10-11. She fears physical harm and social stigma and harassment on account of retaliation by law enforcement and by members of the public. *Id.*

## III.   LEGAL STANDARD

While Federal Rule of Civil Procedure 10(a) requires that complaints in federal court "must name all the parties," Fed. R. Civ. P. 10(a), the Eleventh Circuit has long recognized that plaintiffs may proceed anonymously where "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (*per curiam*) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

"Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020)

(quoting *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020)). Under Eleventh Circuit precedent, the "first step" is for courts to consider the three factors set forth in *Chiquita*: whether the party seeking to proceed anonymously "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316 and *SMU*, 599 F.2d at 713). Courts should then consider "*all* the circumstances of a given case" to decide whether a plaintiff's privacy concerns outweigh the general requirement of disclosure. *Plaintiff B*, 631 F.3d at 1316 (quoting *SMU*, 599 F.2d at 713) (emphasis in original). Courts should consider factors such plaintiffs' ages and personal circumstances, whether they would face threats of violence or physical harm if proceeding publicly, and whether plaintiffs' "anonymity pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* (citing *Stegall*, 653 F.2d at 186 and *SMU*, 599 F.2d at 713).

## IV.    ARGUMENT

Here, the three *Chiquita* factors all point in Plaintiffs' favor. And the totality of the circumstances overwhelmingly support Plaintiffs' ability to proceed using their initials.

### A.  Plaintiffs are challenging government action.

Plaintiffs satisfy the first *Chiquita* factor because Plaintiffs are challenging government activity. Where plaintiffs are suing government entities, courts have found less need for disclosure of their identities, because governments, unlike private individuals, do not suffer reputational or economic harm from defending a civil action. *Frank*, 951 F.2d at 323-24 (discussing *SMU*, 599 F.2d at 713); *see also Stegall*, 653 F.2d at 185-86. Plaintiffs here bring a challenge to a recently enacted statute against various officers of the State and local governments. All of the Defendants

are sued only in their official capacities. Plaintiffs thus satisfy the first factor. *See S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trustees*, 823 F. App'x 862, 866 (11th Cir. 2020) (noting district court's finding that plaintiff's action against a public Florida university was challenging government activity and therefore this factor weighed in favor of granting anonymity).

### B. The highly sensitive nature of Plaintiffs' personal information justifies allowing them to proceed under pseudonyms.

Plaintiffs' immigration status, as well as their immigration histories and the relief they have applied for, are sensitive personal information of "utmost intimacy." *Plaintiff B*, 631 F.3d at 1316 (discussing *SMU*, 599 F.2d at 712-13).

Courts regularly recognize that revealing someone's immigration status "could lead to criminal prosecution, harassment, and intimidation." *Hisp. Int. Coal. of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 (11th Cir. 2012). This is particularly true of undocumented immigrants, who face especially severe repercussions if their identities are revealed. Courts therefore frequently allow them to proceed anonymously. *See, e.g.*, *Doe v. Hobson*, 300 F.R.D. 576, 578 (M.D. Ala. 2014) (granting undocumented plaintiffs' motion to proceed under pseudonyms); *Cent. Ala. Fair Hous. Ctr. v. Magee*, 835 F. Supp. 2d 1165, 1169 (M.D. Ala. 2011) (individual noncitizen plaintiffs challenging an Alabama statute proceeded under pseudonym), *vacated on other grounds sub nom. Cent. Ala. Fair Hous. Ctr. v. Comm'r, Ala. Dep't of Revenue*, No. 11-16114-CC, 2013 WL 2372302 (11th Cir. May 17, 2013); *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 370-72 (S.D.N.Y. 2019) (noting, among other factors, that "immigration matters are treated with sensitivity under the Federal Rules of Civil Procedure and the INA."); *Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 563 U.S. 1030 (2011); *Ga. Latino All. for Hum. Rts. v. Deal*, 793 F. Supp. 2d 1317 (N.D. Ga. 2011), *aff'd in part, rev'd in part on other grounds sub nom. Ga. Latino All. for Hum. Rts. v. Gov. of Ga.*, 691 F.3d 1250 (11th Cir. 2012); *Plyler v.*

*Doe*, 457 U.S. 202 (1982); *but cf. NAACP v. Byrd*, No. 23-CV-00218-MW-MAF (N.D. Fla 2023), Doc. No. 78, at 4 (noting that the fact that a plaintiff had Temporary Protected Status did not necessarily implicate a sufficient privacy concern).[3]

This is particularly true of undocumented immigrants who are eligible for immigration relief on the basis of being the victim of a crime. *See, e.g.*, *Doe v. Wantong Int'l, Inc.*, No. 6:25-CV-179-PGB-DCI, 2025 WL 712762, at *2 (M.D. Fla. Mar. 5, 2025) (finding that Plaintiff would "clearly need to disclose her experience as an alleged sex trafficking victim" and that, accordingly, "to deny [Plaintiff's motion to proceed pseudonymously] would require Plaintiff to reveal sensitive and personal information of the utmost intimacy").

Plaintiffs' immigration statuses and histories will be directly at issue to establish standing and irreparable harm in this case, because S.B. 4C turns on a person's immigration status and history, and imposes criminal penalties on those who enter Florida after entering the country without inspection or being present in the state after reentering the United States under a prior removal order. Requiring Plaintiffs to disclose their identities and immigration statuses would thus expose them to the same risks the Eleventh Circuit warned against in *Hispanic Interest Coalition*, and which courts in this Circuit have routinely found warranted leave to proceed anonymously. *See Hobson*, 300 F.R.D. 576; *Magee*, 835 F. Supp. 2d 1165. Most importantly, central to the Plaintiffs' immigration statuses are applications for relief pending on the basis of certain humanitarian grounds set forth under federal immigration law. These applications are based on the Plaintiffs being the victims of crimes. Requiring these Plaintiffs to disclose their identities and

---

[3] This case is distinct from *Byrd* in numerous ways. Plaintiffs here have far more sensitive immigration statuses; several of the Plaintiffs have minor children; Plaintiffs have already faced specific threats and harassment; their claims involve highly sensitive information about trauma and abuse they have suffered.

immigration statuses will make these highly sensitive and traumatic facts a matter of public record.[4] Matters such as these, which pertain to past traumatic experiences, are of "utmost intimacy." *See Doe v. Wantong Int'l*, 2025 WL 712762, at *2 (victim of crime); *see also Neverson*, 820 F. App'x at 988 (sexual assault); *Fla. Agric. & Mech. Univ. Bd. of Trustees*, 823 F. App'x at 864 (same); *Plaintiff B*, 631 F.3d at 1317-18 (exploitation of minors); *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (childhood abuse). And in addition to these traumatic and personal facts, revealing Plaintiffs' identities could also expose the identities of their minor children, whose immigration statuses are also directly implicated by S.B. 4C.

### C. The fact that Plaintiffs would be compelled to admit an intent to engage in illegal conduct and thus risk criminal prosecution justifies allowing them to proceed under pseudonyms.

Plaintiffs satisfy the third *Chiquita* factor because Plaintiffs are admitting their intention to engage in conduct that exposes them to criminal prosecution. The Eleventh Circuit has recognized the need for anonymity when plaintiffs have "to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct." *Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 689 (11th Cir. 2001) (Hill, J., concurring in part and dissenting in part) (quoting *SMU*, 599 F.2d at 713). Even alleging an act that "might require [a plaintiff] to admit to criminal activity" weighs in favor of granting leave to proceed anonymously. *Plaintiff B*, 631 F.3d at 1320 (Moody, J., concurring in part and dissenting in part).

Here, Plaintiffs are challenging a criminal statute on constitutional grounds. They allege

---

[4] Federal immigration laws and regulations reflect this concern for the sensitivity of certain humanitarian protection applications and the attendant need for confidentiality. To give one example, the Immigration and Nationality Act specifically prohibits use of, or disclosure to a third party of, any information relating to a noncitizen who applies for certain humanitarian forms of relief, subject to limited exceptions. *See* 8 U.S.C. § 1367(a)(2) & (b).

that they engage in and, in the future, intend to engage in activity that Florida has newly criminalized—that is, entering or attempting to enter the state after having entered the United States without inspection or having reentered the United States under a removal order. *See, e.g.*, YM Decl. ¶¶ 7-8; VV Decl. ¶¶ 8-9. Under Sections 3 and 4 of S.B. 4C, this activity exposes them to mandatory arrest, detention, and prosecution. *See* S.B. 4C §§ 3-4. Courts regularly find that admitting to, or the risk of admitting to, potentially criminal behavior weighs in favor of granting anonymity. *See, e.g.*, *Doe v. Strange*, No. 2:15-CV-606-WKW, 2016 WL 1168487, at *2 (M.D. Ala. Mar. 24, 2016) ("Because Plaintiffs have alleged that they would like to engage in certain behaviors that may be considered proscribed under [the statute's] vague provisions, they would benefit from being allowed to proceed anonymously in this case."); *Eknes-Tucker v. Ivey*, No. 2:22-CV-0184-LCB-SRW, 2022 WL 19983530, at *1 (M.D. Ala. May 3, 2022) (reasoning that plaintiff's fear that, "because of the alleged vagueness of the law, . . . she may state an intention to violate the law during the proceedings and thus open herself up to prosecution," supported granting anonymity). This factor thus weighs in favor of granting leave to proceed anonymously.

**D.  The remaining *Plaintiff B/Stegall* factors and the totality of the circumstances support granting Plaintiffs leave to proceed anonymously.**

Plaintiffs fear physical harm as well as harassment and social stigma should their names and participation in this lawsuit be made public. Anonymity is proper to protect plaintiffs from retaliation by members of the public and law enforcement.

In Florida, hate crime incidents have increased dramatically since 2021, and almost half of hate crimes in 2023 were motivated by race, ethnicity, and ancestry. *See Florida*, U.S. Dep't of Just., https://www.justice.gov/hatecrimes/state-data/florida (last visited Apr. 8, 2025). The Department of Justice reported an incident where "[a] Florida man pleaded guilty to assaulting a

8

postal worker wearing a hijab[,]" yelling "go back to your country" while "attacking her, spitting on her, and removing her hijab." *Id.* This has been a persistent problem in Florida; in 2015, an 18-year-old Guatemalan immigrant was murdered by three men who claimed to be targeting immigrants, or "Guat-hunting." *A Hate Crime Haunts Jupiter and Its Latino Community*,  WLRN (July 13, 2015, 10:30 PM), https://www.wlrn.org/news/2015-07-13/a-hate-crime-haunts-jupiter-and-its-latino-community. At this particular moment, harassment against immigrants is unfortunately widespread and routine across the United States. *See, e.g.*, Pocharapon Neammanee, *People Are Impersonating ICE Agents to Harass Immigrants and Commit Crimes, Police Say*, Yahoo News (Feb. 6, 2025), https://ca.news.yahoo.com/people-impersonating-ice-agents-harass-005631878.html/; Ashleigh Fields, *Springfield Bomb Threat Used 'Hateful' Language Towards Migrants, Haitians*, The Hill (Sept. 12, 2024, 8:13 PM), https://thehill.com/homenews/campaign/4877602-ohio-bomb-threat-immigrant-hate/.

Accordingly, Plaintiffs reasonably fear that they and their family members will be targeted once it is publicly known that they do not have lawful status and are challenging the State's immigration policies. *See* YM Decl. ¶ 9; VV Decl. ¶¶ 10-11.

Moreover, one of the Plaintiffs fears that her son's father, who abused her, will retaliate against her if he learns, through this lawsuit, about the immigration relief she is seeking. YM Decl. ¶¶ 6, 9. This is because her abuser does not yet know that she filed a U visa application on the basis of his abuse and would retaliate against her if he were to find out. *See id.*

Finally, Plaintiffs fear being targeted, threatened, and facing potential violence by law enforcement if their identities are public. Florida law enforcement has dramatically increased immigration enforcement in recent months. *See, e.g.*, Kiley Petracek, *Here's What to Know About Immigration 'Task Forces' Across Florida*, WUSF (Mar. 31, 2025, 5:00 AM),

https://www.wusf.org/the-florida-roundup/2025-03-31/what-to-know-about-immigration-task-forces-florida ("Ninety-seven of the 140 law enforcement agencies that have signed 'task force' agreements with ICE are in Florida."); Joe Gorchow, *ICE Raid Caught on Camera by South Florida Contractor at Wilton Manors Job Site*, CBS News (Feb. 11, 2025, 9:26 AM), https://www.cbsnews.com/miami/news/south-florida-contractor-reeling-after-ice-raid-at-job-site/. As a result, mixed-status families in Florida are fearful of leaving their homes, even to go to sensitive locations such as churches, schools, and hospitals. *See* Memorandum from Benjamine Huffman, Acting Sec'y, Dept. of Homeland Sec., to Caleb Vitello, Acting Dir., Immigr. & Customs Enf't & Pete R. Flores, Senior Off. Performing the Duties of Comm'r, Customs & Border Prot. (Jan. 20, 2025), https://www.nafsa.org/sites/default/files/media/document/BenjamineHuffmanProtectedAreasMemo_20250120.pdf (rescinding special protection to sensitive locations); Nicole Acevedo & Carmen Sesin, *Deportation Fears Grow for Migrants in Florida Under Trump and DeSantis*, NBC News (Jan. 24, 2025, 6:27 PM), https://www.nbcnews.com/news/latino/immigration-florida-deportation-fears-desantis-trump-rcna188942. Immigration policy in general is currently a matter of intense debate and increasingly heated rhetoric in Florida and throughout the nation.[5] Plaintiffs fear even greater harassment, discrimination, and violence targeting themselves and their families should their identities be revealed as challenging the State's immigration policies. *See, e.g.*, YM Decl. ¶ 9; VV Decl. ¶¶ 10-11.

---

[5] Courts have noted that possible social stigma due to a plaintiff's personal connection to an intensely politicized issue can justify leave to proceed anonymously. *See, e.g.*, *Frank*, 951 F.2d at 324 (discussing cases in which courts allowed plaintiffs to proceed anonymously in situations involving mental illness, homosexuality, and gender identity); *Aware Woman Ctr.*, 253 F.3d at 687 (holding that, against backdrop of intense political debate around abortion, plaintiff's having had an abortion justified granting leave to proceed anonymously); *Doe v. Ladapo*, (N.D. Fla. 2023) (noting that plaintiffs challenging Florida law prohibiting transgender minors from receiving puberty blockers proceeded under pseudonym).

For the foregoing reasons, denying Plaintiffs leave to proceed anonymously places them at real risk of harassment, threats, or even violence, and poses serious threats to their families' stability, safety, and wellbeing.

**E.  There is no prejudice to the Defendants.**

Proceeding pseudonymously will not prejudice defendants. In this case, there is no "threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316. Plaintiffs can provide Defendants unredacted copies of their declarations and any other information necessary for discovery subject to a protective order. As such, granting this motion will in no way prejudice Defendants' ability to conduct discovery or defend this case. *See id.* at 1319 (granting leave to proceed anonymously did not bar defendants "in building a defense for trial"); *Aware Woman Ctr.*, 253 F.3d at 687 (reasoning that entry of protective order is sufficient to obviate any potential prejudice to defendant).

**V.         PLAINTIFFS SHOULD BE PERMITTED TO FILE THEIR DECLARATIONS IN SUPPORT OF THIS MOTION UNDER SEAL.**

Together with the instant motion requesting leave to proceed under their initials, Plaintiffs request that they be permitted to file their unredacted declarations in support of the motion under seal and subject to a protective order. Under Local Rule 5.4(b), a party seeking to file under seal must file a motion "set[ting] forth the factual and legal basis for departing from the policy that court filings are public." Local Rule 5.4(b)(1); *see also Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, No. 13-23881-CIV, 2014 WL 5305582, at *1 (S.D. Fla. Oct. 15, 2014) (discussing Local Rule 5.4(b)). Filing these declarations under seal is necessary for the same reasons that Plaintiffs should be allowed proceed anonymously. Unsealing them would effectively defeat anonymity.

Plaintiffs have good cause for maintaining the highly sensitive and personal contents of

their declarations under seal. While "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," that right "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (alteration in original) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). In making this balancing determination, courts must consider, among others, the following factors: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. Decisions less central to resolution of the merits of a case "implicate lesser right-to-access considerations." *Id.* (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035 (2d ed. 1994)).

Plaintiffs respectfully submit that, for the same reasons outlined above, they have a significant privacy interest in maintaining their unredacted declarations under seal and subject to a protective order for the duration of this action. Indeed, when considering motions to proceed anonymously, courts routinely grant leave to file supporting affidavits or declarations under seal. *See, e.g.*, *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 635 n.1 (M.D. Fla. 2023). Here, Plaintiffs' privacy interest outweighs any contrary factor. Allowing Plaintiffs to file their unredacted declarations under seal will not impair court functions or implicate any public concerns, and as noted above, Plaintiffs fear serious harm should their declarations containing highly personal information become public. The countervailing interests in complete disclosure

are minimal or nonexistent. The public's interest, if any, in knowing Plaintiffs' identities and the sensitive details of their and their families' immigration statuses is negligible. Nor are there any less onerous alternatives to sealing Plaintiffs' declarations. Defendants will not face any prejudice if this Court provides leave for Plaintiffs to file their declarations in support of this motion under seal, as Defendants will have access to all information required to prepare their defense in this case and can receive copies of Plaintiffs' unredacted declarations subject to a protective order. Particularly as the resolution of this motion will have little bearing on the merits of this case, Plaintiffs have shown good cause for leave to file their unredacted declarations in support of this motion under seal.

## VI.      CONCLUSION

For the foregoing reasons, Plaintiffs should be permitted to proceed in this suit under their initials and to file their unredacted declarations in support of this motion under seal.


Date: April 11, 2025                             Respectfully submitted,

                                                  */s/ Amy Godshall*
Cody Wofsy*                                        Amy Godshall (FL Bar No. 1049803)
Spencer Amdur*                                     Daniel B. Tilley (FL Bar No. 102882)
Hannah Steinberg*                                  Amien Kacou (FL Bar No. 44302)
Oscar Sarabia Roman*                               ACLU FOUNDATION OF FLORIDA,
AMERICAN CIVIL LIBERTIES                           INC.
UNION FOUNDATION                                   4343 West Flagler Street, Suite 400
IMMIGRANTS' RIGHTS PROJECT                         Miami, FL 33134
425 California Street, Suite 700                   (786) 363-2700
San Francisco, CA 94104                            agodshall@aclufl.org
T: (415) 343-0770                                  dtilley@aclufl.org
cwofsy@aclu.org                                    akacou@aclufl.org
samdur@aclu.org
hsteinberg@aclu.org                                Paul R. Chavez (FL Bar No. 1021395)
osarabia@aclu.org                                  Evelyn Wiese (CA Bar No. 338419)*
                                                   Christina Isabel LaRocca (FL Bar No.
Omar Jadwat*                                       1025528)
Grace Choi*

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
ojadwat@aclu.org
gchoi@aclu.org


*Admitted pro hac vice*

*Counsel for Plaintiffs*

AMERICANS FOR IMMIGRANT
JUSTICE
6355 NW 36 Street, Suite 309
Miami, FL 33166
(305) 576-6273
pchavez@aijustice.org
ewiese@aijustice.org
clarocca@aijustice.org

Miriam Haskell (FL Bar No. 69033)
Alana Greer (FL Bar No. 92423)
Will Mann (FL Bar No. 1058086)
COMMUNITY JUSTICE PROJECT, INC.
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
T: (305) 907-7697
miriam@communityjusticeproject.com
alana@communityjusticeproject.com
will@communityjusticeproject.com

## **CERTIFICATE OF CONFERENCE**

Consistent with Local Rule 7.1(a)(2), Counsel for Plaintiffs conferred with opposing counsel Robert Schenck, attorney for Attorney General James Uthmeier and Statewide Prosecutor Nicholas B. Cox, who opposes this motion.  Plaintiffs tried over several days to contact Arthur Jacobs, counsel for Defendant State Attorneys, to receive their position on this motion, but have not received a response.

/s/ *Amy Godshall*
Amy Godshall


## **CERTIFICATE OF SERVICE**

I hereby certify on April 11, 2025, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing will be timely served on all Defendants in accordance with the Federal Rules of Civil Procedure.

/s/ *Amy Godshall*
Amy Godshall