UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| FLORIDA IMMIGRANT COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JAMES UTHMEIER, in his official capacity as the Attorney General of the State of Florida, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-21524-KMW |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

As Plaintiffs demonstrated in their motion, Dkt. 5 ("Mot."), class certification is appropriate because the classes satisfy each of the requirements of Rule 23. Defendants never contest many of these requirements, including adequacy and numerosity, and have thus waived any response. Defendants' opposition instead recycles the flawed standing arguments already addressed in Plaintiffs' reply in support of their motion for a temporary restraining order and preliminary injunction. Dkt. 45 ("Reply"). Defendants argue the classes are not ascertainable, but they fail to show why the classes are incapable of determination. Defendants additionally play up differences between class members that *might* be relevant to affirmative defenses, but ignore the common questions about the facial unconstitutionality of S.B. 4C—a statute that even a class member with an affirmative defense could be arrested and detained under. Because Plaintiffs have established that they meet the requirements of Rule 23 and Defendants present nothing to the contrary, this Court should grant class certification and issue classwide relief.

## I. PLAINTIFFS HAVE STANDING.

Defendants argue that this Court should deny class certification because no named class representative has standing, Dkt. 44 3-6 ("Class Cert. Opp."), but Plaintiffs' Reply already addresses all of their arguments, Dkt. 45.

Defendants again contend that Plaintiffs have failed to sufficiently allege they are going to enter the state in violation of S.B. 4C. Class Cert. Opp. 4. But Plaintiffs have established these facts, so their travel plans are not speculative. *See* Y.M. Decl. ¶¶ 5-7, Dkt. 4-5 (Y.M. "recently" left Florida, leaves Florida twice a year and "plan[s] to continue this travel"); V.V. Decl. ¶¶ 7-8, Dkt. 4-4 (V.V. "frequently travel[s] outside of Florida for work" and intends to do so next season); *see also Farmworker Ass'n of Fla., Inc. v. Moody*, 734 F. Supp. 3d 1311, 1322-24 & n.4 (S.D. Fla. 2024) (rejecting this argument and noting that "Article III doesn't require a plaintiff to give us an *exact* date and time for her plans").[1] And entering and leaving a state is a routine part of daily life for millions of people—not rare or specialized conduct which might require more specific evidence.

Defendants also again assert that Individual Plaintiffs have no legally protected interest in vindicating illegal conduct. Class Cert. Opp. 4. But as set forth in Plaintiffs' Reply, Reply 2,

---

[1] As set forth in Plaintiffs' Reply, Reply at 1-2, V.V.'s travel plans make no difference to her standing to challenge S.B. 4C's reentry provision because that crime requires only that V.V.—a Florida resident—be "found in [Florida]." Fla. Stat. 811.103(1).

Plaintiffs are asserting an interest in being free from a preempted state statute. Indeed, Plaintiffs are not contesting the existence or enforcement of federal laws that apply to them—rather, they are asserting "a federal right to be free from" preempted state laws. *See Murphy v. NCAA*, 584 U.S. 453, 479-81 (2018). Nor are Plaintiffs asserting any interest in committing future violations of federal law; indeed, the immigration violations at issue in this case happened years ago. Finally, Defendants' argument would bar noncitizens from challenging preempted state immigration crimes, a result courts have rightly rejected. *See Lozano v. City of Hazleton*, 620 F.3d 170, 193-94 (3d Cir. 2010). Such a result would deny Plaintiffs and other noncitizens the ability to assert their federal right to be free from preempted state laws. *See Murphy*, 584 U.S. at 479-81.

Defendants next contest the organizations' standing by attacking the standing of their members, Class Cert. Opp. 4, but those arguments fail for the same reasons explained above. Defendants additionally argue that FLIC's member organizations lack standing, but S.B. 4C subjects those organizations' clients to arrest, detention, and prosecution under S.B. 4C, directly upending their core business activities. *See* Petit Decl. ¶ 20, Dkt. 4-3; *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 395 (2024).

Defendants next assert that "to represent a class against every state attorney, Plaintiffs must offer one named plaintiff with standing to sue each state attorney," Opp. 5, but Defendants cite no case that holds any such thing. Indeed, the case they cite requires merely that a plaintiff show "that [an] official has the authority to enforce the particular provision that he has challenged." *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). And Defendants never contest that each of the state attorneys has the authority to enforce S.B. 4C—including against any named Plaintiff or class member that enters, passes through, or is found in their jurisdiction. Thus V.V. and Y.M. could be arrested in any county they so much as travel through. And the statewide class they seek to represent likewise undoubtedly has standing to sue all the state attorneys. And regardless of where their headquarters are located, Class Cert. Opp. 6, FLIC and FWAF have members spread across the state. *See* Petit Decl. ¶¶ 3-4; Gomez Decl. ¶ 4, Dkt. 4-2. Thus, Plaintiffs clearly have standing.

## II. THE CLASSES ARE ASCERTAINABLE.

Defendants argue that the classes are not ascertainable, Class Cert. Opp. 6-8, but, to the extent there is such a requirement, each of the classes readily meets it. Ascertainability merely ensures that "a class is [not] defined in terms so vague as to be indeterminate," such that the

2

"district court [is] unable to evaluate whether [the] proposed class satisfies Rule 23(a)." *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1303 (11th Cir. 2021). As long as "membership [is] capable of determination," there is no requirement that it be "capable of convenient determination." *Id.* (explaining that "[a]dministrative feasibility is not an inherent aspect of ascertainability").

Defendants assert that the classes are "amorphous" and "imprecise," Class Cert. Opp. 7, but that is clearly wrong. Each class requires only a simple assessment of whether someone is subject to arrest under the statute. The entry class, for example, requires the court to determine (1) whether someone is a citizen and (2) whether they have entered or reentered Florida after entering the United States without inspection. Mot. 1. The reentry class similarly requires an assessment of (1) whether someone is a citizen and (2) whether they have reentered Florida after being deported or departing while an order of removal was outstanding. *Id.* at 1-2. Notably, these are the same determinations that any law enforcement officer would make when making an arrest under the statute. And for the purposes of the injunction here, the Court is likely to only need to make a determination of whether someone is in the class after a law enforcement officer has made an arrest under the statute and has thus already made an almost identical determination. Defendants thus come nowhere near showing that the classes are "defined in terms so vague as to be indeterminate." *Cherry*, 986 F.3d at 1303. Indeed, Defendants cannot point to a single concrete way in which the supposedly amorphous class would negatively impact law enforcement or anyone else. Rather, the rule Plaintiffs propose is simple: If you plan to arrest or prosecute for violations of this preempted law, then the subject of that arrest or prosecution is a class member and hence protected.

Nor are extensive "individualized inquir[ies]," Class Cert. Opp. 8, necessary here. As explained above, the class consists of individuals who would be subject to S.B. 4C. If the law is enjoined, there are no individualized determinations to be made. And contrary to Defendants' arguments, Class Cert. Opp. 8, whether affirmative defenses apply is not relevant to class membership because even someone with an affirmative defense may still be arrested and detained before raising a defense at trial, meaning that everyone in the class is exposed to illegal harms. In sum, each class is readily ascertainable.

Finally, to the extent that the Court deems it necessary, the Court may adjust the class definition to, for example, include only individuals over the age of 18. Class Cert. Opp. 8; *see, e.g.*, *Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015) (adjusting class definition where motion included "a narrower version of the class definition"); *Githieya v. Glob.*

3

*Tel\*Link Corp.*, No. 1:15-CV-0986-AT, 2020 WL 12948011, at \*6-7 (N.D. Ga. Nov. 30, 2020) (adjusting class definition).

### III. THE PROPOSED CLASSES SHARE COMMON QUESTIONS, AND PLAINTIFFS' CLAIMS ARE TYPICAL.

Finally, stressing all the individualized inquiries that the Court must purportedly answer, Class Cert. Opp. 8-9, Defendants contend that the classes fail to meet the requirements of commonality and typicality. But the inquiries Defendants list are all beside the point, because they are relevant—at most—only to affirmative defenses. And as Defendants never contest, even someone with an affirmative defense may be arrested and detained before they can raise the defense.

More broadly, contrary to Defendants' contention, there is a "common answer[]" that will "drive the resolution of the litigation": the determination of whether S.B. 4C's entry and reentry provisions facially violate the Supremacy Clause and the Commerce Clause. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)). This readily meets the commonality requirement. Indeed, Plaintiffs need not show that every question in the case, or even a preponderance of questions, is capable of class wide resolution. So long as there is even a single common question—as there surely is here—a class satisfies this rule. *See id.* at 359.

Defendants' typicality arguments also fail. "Class members' claims need not be identical to satisfy the typicality requirement; rather, there need only exist a sufficient nexus . . . between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012) (internal quotation marks omitted). Here, Defendants never assert that the class representatives' claims are not typical. And even if they could point to affirmative defenses that the class representatives have access to—which they haven't, as the class representatives do not satisfy any affirmative defense under S.B. 4C—a person with affirmative defenses may still be arrested and detained under S.B. 4C. Accordingly, because the class representatives' claims are typical of those of the class, Plaintiffs readily meet the typicality requirement.

## CONCLUSION

This Court should grant class certification.

Date: April 17, 2025

Cody Wofsy*
Spencer Amdur*
Hannah Steinberg*
Oscar Sarabia Roman*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
samdur@aclu.org
hsteinberg@aclu.org
osarabia@aclu.org

Omar Jadwat*
Grace Choi*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
ojadwat@aclu.org
gchoi@aclu.org


*  *Admitted pro hac vice*

*Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Amien Kacou*
Amien Kacou (FL Bar No. 44302)
Amy Godshall (FL Bar No. 1049803)
Daniel B. Tilley (FL Bar No. 102882)
ACLU FOUNDATION OF FLORIDA, INC.
4343 West Flagler Street, Suite 400
Miami, FL 33134
T: (786) 363-2700
agodshall@aclufl.org
dtilley@aclufl.org
akacou@aclufl.org

Paul R. Chavez (FL Bar No. 1021395)
Evelyn Wiese (CA Bar No. 338419)*
Christina Isabel LaRocca (FL Bar No. 1025528)
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 309
Miami, FL 33166
T: (305) 576-6273
pchavez@aijustice.org
ewiese@aijustice.org
clarocca@aijustice.org

Miriam Haskell (FL Bar No. 69033)
Alana Greer (FL Bar No. 92423)
Will Mann (FL Bar No. 1058086)
COMMUNITY JUSTICE PROJECT, INC.
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
T: (305) 907-7697
miriam@communityjusticeproject.com
alana@communityjusticeproject.com
will@communityjusticeproject.com

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on April 17, 2025, to all counsel of record.

/s/ *Amien Kacou*
Amien Kacou