# EXHIBIT B



**JAMES UTHMEIER**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
James Uthmeier
*Attorney General*

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
https://www.myfloridalegal.com

April 18, 2025

**VIA EMAIL**
Florida Department of Law Enforcement
Florida Highway Patrol
Florida Sheriffs
Florida Police Chiefs

Re:   *Fla. Immigrant Coal. et al. v. Uthmeier et al.*, No. 25-cv-21524 (S.D. Fla.)

Dear Florida law enforcement community,

On April 4, 2025, U.S. District Judge Kathleen M. Williams issued an *ex parte* temporary restraining order prohibiting the Attorney General, the statewide prosecutor, the state attorneys, as well as "their officers, agents, employees, attorneys, and any persons who are in active concert or participation with them" from enforcing Florida Statutes Sections 811.102 and 811.103. *See* DE28, *Fla. Immigrant Coal. v. Uthmeier*, No. 1:25-cv-21524. On April 18, the court extended her temporary restraining order through April 29 and clarified verbally that her order covers all law enforcement officers in the State of Florida. And the court further instructed my office to notify you that all Florida law enforcement agencies at present must refrain from enforcing Sections 811.102 and 811.103.

I must note my disagreement with this order. For reasons my office has argued and will further outline in court, this clarification of Judge Williams' prior order is both wrong on the merits and overbroad in its scope. The Federal Rules of Civil Procedure empower the federal courts to enjoin parties, their officers, agents, employees, attorneys, and any persons who are in active concert or participation with those parties from taking certain actions. But independent law enforcement agencies are not parties in this case. At most, a district court may enjoin the law enforcement community when it is acting in concert or participating with the named defendants to enforce these statutes and, as my office will soon explain, the court's current injunction exceeds that equitable limitation. I should also note that while my office represents the current defendants named in this case, it does not represent nonparties like your law enforcement agencies. My office will nevertheless continue to press these scope-of-relief arguments in the district court and, as appropriate, in the U.S. Court of Appeals for the Eleventh Circuit.

That said, the court directed my office to notify your agencies of its clarification that law enforcement officers should take no steps to enforce Sections 811.102 and 811.103, including through arrests or detentions based on suspected violations of those provisions. Please instruct your officers and agents to comply with Judge Williams' directives.

A copy of the temporary restraining order is attached below.

Sincerely,

James Uthmeier
*Attorney General*
Office of Attorney General James Uthmeier