## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

FLORIDA IMMIGRANT COALITION, *et al.*,

         *Plaintiffs*,

         v.

JAMES UTHMEIER, in his official capacity as the Attorney General of the State of Florida, *et al.*,

         *Defendants*.

Case No. 1:25-cv-21524-KMW

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY AND TO FILE SUPPORTING EXHIBITS UNDER SEAL

Defendants provide no valid basis to deny Plaintiffs' request to proceed anonymously. Defendants have not claimed that they would suffer any prejudice if the Court grants Plaintiffs' request. Defendants do not deny that anonymity is routinely granted in immigration-related cases—a practice the Eleventh Circuit has explicitly approved. And here, the anonymity factors and the totality of the circumstances weigh in Plaintiffs' favor. The Court should grant the motion.

### I.     DEFENDANTS HAVE CONCEDED THEY FACE NO PREJUDICE.

Defendants rightly do not assert that they will face any prejudice or "fundamental unfairness," *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011), should Plaintiffs proceed anonymously, because there is none. Plaintiffs stand ready to provide Defendants with their full names during discovery, subject to a protective order. *See* DE 33 at 11 ("Mot."); *see also* DE 77 at 9 ("Opp."). (contemplating protective order). Courts routinely recognize that disclosure subject to a protective order obviates any potential harm to defendants. *See, e.g.*, *Plaintiff B*, 631 F.3d at

1319; *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 687 (11th Cir. 2001). Moreover, Defendants have not even asked for this information.

Rather, Defendants assert a public interest in the openness of litigation. *See* Opp. 1. But the Eleventh Circuit has made clear that "[a] general plea for 'openness' is not convincing" when balanced against strong countervailing factors supporting a plaintiff's privacy right. *Plaintiff B*, 631 F.3d at 1318; *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). And here, the countervailing factors counsel in favor of anonymity, as explained below.

Furthermore, the public interest in plaintiffs' identities is at its nadir when plaintiffs mount a facial challenge to government action. *See Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011) (in purely legal challenges there is "an atypically weak public interest in knowing the litigant's identities" (cleaned up)); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("The assurance of fairness . . . is not lost when one party's cause is pursued under a fictitious name."); Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353, 1378 (2022) ("[I]n facial challenges to government actions . . . the litigant's identity is generally not important to analyzing the substantive questions[.]"). Plaintiffs' redacted declarations provide sufficient information to the public about their lives, circumstances, and how S.B. 4C is affecting them.

In short, Defendants have conceded they will not face any harm, and they fail to identify any reason why the public needs to know Plaintiffs' specific identities.

## II.    THE RELEVANT FACTORS SUPPORT PSEUDONYMITY.

Defendants do not meaningfully contest two of the three principal anonymity factors, and they misconstrue the third. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). Defendants do not contest that Plaintiffs are, in fact, challenging government activity, or that they are admitting an intent to engage in conduct that is presumptively illegal under S.B. 4C.

And they misunderstand the sensitive information that would be revealed by making Plaintiffs' names public.

## A. Challenging Government Activity

Defendants attempt to twist Plaintiffs' argument, but they ultimately agree with Plaintiffs: As to the first *Chiquita* factor, nothing gives this Court "reason *not* to grant the plaintiffs' request for anonymity." *Frank*, 951 F.2d at 324; *see also* Opp. 5.

In this case, Plaintiffs are "challenging governmental activity." *S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trs.*, 823 F. App'x 862, 866 (11th Cir. 2020) (citing *Frank*, 951 F.2d at 323). As such, the concern about allowing a plaintiff to anonymously "damage [opposing private parties'] good names and reputation" does not apply here. *Frank*, 951 F.2d at 323-24 (cleaned up). Accordingly, under the first *Chiquita* factor, there is no reason why this Court should not grant Plaintiffs' motion.

## B. Admitting to Potentially Criminal Activity

Moreover, this Court has every reason to grant Plaintiffs' motion under the second *Chiquita* factor—that is, whether Plaintiffs "would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." 965 F.3d at 1247. As even Defendants' primary citation recognizes, Plaintiffs' "admission of illegal conduct—and of [their] intent to engage in future criminal conduct—*unquestionably* weighs in favor of anonymity." *Farmworker Ass'n of Fla., Inc. v. DeSantis*, 716 F. Supp. 3d 1312, 1317-18 (S.D. Fla. 2024) (hereinafter "*FWAF*") (emphasis added) (collecting cases); *see also* Declaration of V.V. ("V.V. Decl.") ¶¶ 5-8, DE 4-4 (admitting to residing in Florida after reentering the country after a removal order and an intention to continuously reside in Florida); Declaration of Y.M. ("Y.M. Decl.") ¶¶ 5, 7, DE 4-5 (admitting to entering Florida after entering the country without inspection and an intention to enter Florida in the future).

3

Defendants argue "that admission of criminality should not be dispositive." Opp. 14. It is true that admission of an intent to engage in illegal conduct is just one of the factors courts must consider under *Chiquita*. But in this case, that factor weighs entirely in Plaintiffs' favor. And the strength of that factor, when combined with the fact that Defendants are not private parties, that they will suffer no prejudice, and that the public has no interest in Plaintiffs' identities in this facial preemption challenge, is more than enough to justify proceeding anonymously.

Defendants also argue that this factor is due less weight because of the unclean hands doctrine. *See* Opp. 14-15. Defendants, however, do not cite to any authority applying the unclean hands doctrine to the *Chiquita* factors. *But see FWAF*, 716 F. Supp. 3d at 1317-18 (considering motion to proceed anonymously by undocumented plaintiffs in a separate immigration-related case, without addressing unclean hands). To the contrary, *Chiquita* identifies admission of criminal conduct as a reason *to* grant anonymity—not, as Defendants claim, a reason to deny it. In any event, to assert an unclean hands defense, Defendants must show that "(1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015); *see also Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933) (explaining that the doctrine applies "only where some *unconscionable* act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation") (emphasis added). Defendants fail to show that Plaintiffs' decades-old violations of federal immigration law directly relate to Plaintiffs' claims against a preempted state law, have personally injured Defendants, or are "unconscionable" acts. *See Idaho Org. of Res. Councils v. Labrador*, No. 25-cv-178, 2025 WL 1237305, at *8-9 (D. Idaho Apr. 29, 2025) (rejecting application of unclean hands doctrine to preemption case because Plaintiffs' violation of federal immigration laws "does

4

not relate to the equitable relationship between Plaintiffs and [State] Defendants in this case").[1]
Accordingly, this factor weighs strongly in favor of anonymity.

### C.  Matters of "Utmost Intimacy"

The third *Chiquita* factor, whether Plaintiffs "would be compelled, absent anonymity, to
disclose information of utmost intimacy[,]" also weighs in Plaintiffs' favor. 965 F.3d at 1247.
"[F]ederal courts—including [those in the Eleventh Circuit]— . . . permit . . . plaintiffs to proceed
anonymously in immigration-related cases." *Hispanic Interest Coal. v. Gov. of Ala.*, 691 F.3d
1236, 1247 n.8 (11th Cir. 2012); s*ee, e.g.*, *Ga. Latino All. for Hum. Rts. v. Gov. of Ga.*, 691 F.3d
1250, 1258-59 (11th Cir. 2012) (adult plaintiff with deferred action status proceeded under Doe
pseudonym); *Cent. Ala. Fair Hous. Ctr. v. Magee*, 835 F. Supp. 2d 1165, 1169 (M.D. Ala. 2011)
(adult undocumented plaintiffs proceeded under Doe pseudonyms), *vacated as moot sub nom.*
*Cent. Ala. Fair Hous. Ctr. v. Comm'r, Ala. Dep't of Revenue*, No. 11-16114, 2013 WL 2372302
(11th Cir. May 17, 2013); *see also* Mot. 5-6 (collecting cases).[2] In fact, sensitivity in immigration-
related matters is so great that the Federal Rules of Civil Procedure require privacy restrictions in
immigration cases. Fed. R. Civ. P. 5.2(c) (limiting CM/ECF access only to parties in immigration
cases); *see also* Hon. Wm. Terrell Hodges, Chair, Comm. on Court Admin. & Case Mgmt. of the
Jud. Conf. of the U.S., *Privacy Concern Regarding Social Security and Immigration Opinions*

---

[1] Indeed, if Plaintiffs' past violations of federal immigration law may preclude them from seeking
relief, noncitizens with any prior immigration violations would be barred from bringing legal
challenges that the Supreme Court and other courts routinely hear. *See, e.g.*, *Plyler v. Doe*, 457
U.S. 202, 210 (1982) (hearing Equal Protection challenge and recognizing that "[w]hatever his
status under the immigration laws, an alien is surely a 'person' in any ordinary sense of that term").
[2] Defendants attempt to wave away some of these cases because, among other reasons, "the court
did not address anonymity." Opp. 7. But the plaintiffs in those cases were allowed to proceed
anonymously because the courts granted them leave to do so. *See, e.g.*, Tr. of Prelim. Inj. Hrg. at
6–7, *Cent. Ala. Fair Hous. Ctr. v. Magee*, No. 11-cv-982, DE 68 (granting the government
defendants leave to seek the plaintiffs' identities if discovery were needed, but deciding plaintiffs'
identities would not be made public).

(May 1, 2018), https://perma.cc/P6US-AEFE (recommending that judges not use litigants' full names in immigration opinions).

In this case, revealing Plaintiffs' identities will necessarily reveal the fact that one of the Plaintiffs was the victim of a crime, namely abuse by the father of her son. *See* Y.M. Decl. ¶ 6. Additionally, Plaintiff Y.M. fears that if she is named publicly, her abuser will find out about her U visa application based on the abuse and will retaliate against her. *See id.* ¶ 9. Courts in this circuit have found that, even where a plaintiff is not challenging government activity, anonymity is appropriate based on the "utmost intimacy" prong where a plaintiff "fears retaliation from" individuals who victimized her and would "clearly need to disclose her experience as an alleged [crime] victim which includes extremely personal and sensitive details . . . ." *Doe v. Wantong Int'l, Inc.*, No. 25-cv-179, 2025 WL 712762, at *2 (M.D. Fla. Mar. 5, 2025); *A.D. v. Cavalier Mergersub LP*, No. 22-cv-095, 2022 WL 4354842, at *2 (M.D. Fla. Sept. 20, 2022) ("Plaintiff asserts that this case involves experiences that are sensitive, highly personal, and of the utmost intimacy as she alleges injuries that result from rape, sexual assault, physical violence, and torture.").

Moreover, revealing Plaintiffs' identities will cause harm to their minor children. Plaintiff V.V. has four, minor U.S.-citizen children, ranging from ages 1 to 14. *See* V.V. Decl. ¶ 3. Plaintiff Y.M. has a minor U.S.-citizen son, who has a disability. *See* Y.M. Decl. ¶ 3. Both Plaintiffs fear that their children will be targeted or harassed, should Plaintiffs' identities be made public. *See* V.V. Decl. ¶ 11; Y.M. Decl. ¶ 9. A court in this circuit found that "mental health" concerns "constitute information of the utmost intimacy, especially when considering that [the individuals] are minors." *D.L. ex rel. Phan L. v. Bateman*, No. 12-cv-208, 2012 WL 1565419, at *1-2 (M.D. Fla. May 2, 2012). Defendants suggest that harm to those children is off limits, Opp. 9, but in considering motions to proceed anonymously, courts also consider the effects of identifying

6

plaintiffs on innocent non-parties, especially where those non-parties are minors, *see Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022) (identifying "paradigm" of "cases in which identifying the would-be Doe would harm innocent non-parties.") (cleaned up). And it is unclear how a "protective or confidentiality order," Opp. 9, would suffice to protect Plaintiffs or their children, if individuals who know Plaintiffs and their children (such as Y.M.'s abuser) would recognize them as soon as Plaintiffs' names were filed publicly on the docket. This is a serious concern for all Plaintiffs, who have a pressing need to maintain anonymity to protect their minor children.

Plaintiffs do not argue that immigration status is *per se* a matter of "utmost intimacy." Opp. 5-6.[3] Rather, it is "Plaintiffs' immigration status, as well as their immigration histories and the relief they have applied for," that is a matter of "utmost intimacy." Mot. 5. This is a separate issue from admitting to potentially criminal activity, which, for the reasons explained above, independently weigh in Plaintiffs' favor. And Plaintiffs are not merely volunteering information to proceed anonymously. Opp. 8. Rather, Plaintiffs' immigration statuses and histories—including when they entered without inspection, whether they entered under a removal order, what relief they are eligible for and why, and their fears of prosecution and separation from family—are "directly at issue to establish standing and irreparable harm in this case." Mot. 6; *see also* DE 67 at 6-9 (analyzing these details to find Plaintiffs established standing).

---

[3] Defendants' cases (at 6, 8, 11) are inapposite. *See Doe I v. City of Alabaster*, *Alabama*, No. 11-cv-3448, 2012 WL 13088882, at *5 (N.D. Ala. Apr. 26, 2012) (claims were not tied to immigration status, plaintiffs "ha[d] not even alleged . . . any . . . danger," and they sought to keep their identities secret from defendants); *Day v. Sebelius*, 227 F.R.D. 668, 679 (D. Kan. 2005) (agreeing that "undocumented alien status is a sensitive matter," but plaintiffs were "not challenging a criminal statute," and had not identified any prior harassment or threats directed at them); *Doe v. Merten*, 219 F.R.D. 387, 388-89, 393-94 (E.D. Va. 2004) (no sensitive information tied to immigration status and no prior harassment or threats); *Hispanic Fed'n v. Byrd*, 23-cv-00218, Dkt. 78 (N.D. Fla. July 17, 2023) (no sensitive information tied to immigration status, no prior threats or harassment, no children at issue); *Vicente v. Barnett*, No. 05-cv-157, 2005 WL 8160475, at *2 (D. Ariz. Oct. 3, 2005) (immigration status unconnected to tort actions).

Defendants are also wrong that "utmost intimacy" always boils down to fears of stigma based on sexuality or sexual abuse. Opp. 5. The leading case in this Circuit, *Doe v. Stegall*, concerned neither, but rather involved religion and school prayer. 653 F.2d at 186. Courts have granted requests for anonymity based on an individual's profession where that may be controversial in their community, *see Eknes-Tucker v. Ivey*, No. 22-cv-184, 2022 WL 19983530, at *1 (M.D. Ala. May 3, 2022) (physician), or based on past arrests and convictions, *see M.J. v. Jacksonville Hous. Auth.*, No. 11-cv-771, 2011 WL 4031099, at *2-3 (M.D. Fla. Sept. 12, 2011) (contesting improper use of juvenile arrest records); *Doe v. Swearingen*, No. 18-cv-24145, 2019 WL 95548, at *3 (S.D. Fla. Jan. 3, 2019) (status on the sex offender registry), or in family law cases, *see D.L.*, 2012 WL 1565419, at *1-2 (parental visitation and children's mental health were matters of "utmost intimacy").

Finally, Defendants copy much of their argument from the decision in the *FWAF* case. *See* 716 F. Supp. 3d at 1312. But this case is meaningfully different from *FWAF*. *FWAF* involved a challenge to a law that criminalized transporting individuals who entered the United States without inspection. *See id.* at 1315. This case, however, involves a law that criminalizes Plaintiffs themselves for entering or attempting to enter Florida after having entered the United States without inspection or being in Florida after reentering the United States under a removal order. Thus, the Plaintiffs' immigration statuses and histories—the matters of "utmost intimacy"—are much more central to this case. Furthermore, this case involves a Plaintiff who seeks to proceed anonymously because she was the victim of a crime and fears retaliation from the individual who victimized her, *see* Y.M. Decl. ¶¶ 6-9, which is a matter of "utmost intimacy," *see, e.g.*, *Wantong*, 2025 WL 712762, at *2; *A.D.*, 2022 WL 4354842, at *2.

More fundamentally, *FWAF* was wrong. The decision narrowed the "utmost intimacy"

prong in a manner that is not supported by case law, *see* 716 F. Supp. 3d at 1318-23, and ruled against anonymity notwithstanding the fact that it found the balance of the factors favored anonymity, *see id.* at 1316, 1317, 1323 (finding Plaintiffs were challenging government activity and would be compelled to admit an intent to engage in illegal conduct, but denying motion because plaintiffs did not also satisfy third factor). Whether to allow plaintiffs to proceed anonymously is within the sound discretion of this Court and is reviewed for an abuse of discretion. *See Plaintiff B*, 631 F.3d at 1315 (finding "a district court abuses its discretion . . . if it fails to actually consider the circumstances of the case and to weigh the relevant factors and instead follows a blanket rule in making its final decision"). And as Defendants themselves point out, other district court cases, like *FWAF*, are not binding on this Court. *See* Opp. 7. The Court should not follow *FWAF* on this issue.

In sum, Defendants fail to identify a single factor that weighs against granting Plaintiffs' request for anonymity. And considering all factors together, anonymity is clearly warranted.

## III. THE TOTALITY OF THE CIRCUMSTANCES FAVORS ANONYMITY.

In addition to the balance of the *Chiquita* factors, the totality of the remaining circumstances also weighs in favor of anonymity.

As previously explained, the fact that both Plaintiffs have minor children and fear for their safety weighs in favor of granting anonymity. Moreover, the real risk of harassment, threats, or even violence against Plaintiffs and their families also weighs in favor of anonymity. Plaintiffs briefed the dramatic increase in hate crimes motivated by race, ethnicity, and ancestry in Florida; the increase in immigration enforcement and anti-immigrant rhetoric in Florida; and the threats to Y.M. by her abuser. *See* Mot. 8-11.

Defendants instead claim that Plaintiffs fail to "produce particularized evidence

demonstrating that they will be subjected to violence." Opp. 9 (quoting *Fla. Action Comm., Inc. v. Seminole Cnty.*, No. 15-cv-1525, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016)). To the contrary, and unlike the plaintiff in *Florida Action Committee*, Plaintiffs provided "particularized evidence[,]" namely "affidavit[s] describing experiences with . . . retaliation" and "evidence indicating that [they] themselves would be subjected to retaliation" as a result of their participation in this lawsuit. 2016 WL 6080988, at *3 (contrasting this evidence with "a study" and "a number of news articles"); *see also* V.V. Decl. ¶ 11; Y.M. Decl. ¶¶ 6, 9.

In any event, *Chiquita* did not hold that a "real threat of physical harm" is *required* to allow a plaintiff to proceed in pseudonym, it simply noted that such a threat is a factor for courts to consider. 965 F.3d at 1247. Courts frequently grant anonymity based on considerations other than a specific threat of physical violence, including the threat of bullying and harassment, or the risk of other physical or mental harm. *See Doe v. Neverson*, 820 F. App'x 984, 984-85 (11th Cir. 2020) (reversing denial of leave to proceed anonymously where Doe plaintiff feared "online bullying and harassment"); *Massachusetts Inst. of Tech.*, 46 F.4th at 71 (identifying "paradigm" of "would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)."). Courts also weigh past experiences of threats unconnected to litigation that inform plaintiffs' reasonable concern about future threats. *See Eknes-Tucker*, 2022 WL 19983530, at *1-2; *Swearingen*, 2019 WL 95548, at *5. Plaintiffs' concerns about threats of harassment and violence are real. *See* Mot. 8-11; V.V. Decl. ¶ 11; Y.M. Decl. ¶¶ 6, 9. Plaintiffs must be allowed to proceed anonymously to protect their own safety and that of their families.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be permitted to proceed in this suit under their initials and to file subsequent unredacted declarations under seal.

Date: May 16, 2025

Cody Wofsy*
Spencer Amdur*
Hannah Steinberg*
Oscar Sarabia Roman*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
samdur@aclu.org
hsteinberg@aclu.org
osarabia@aclu.org

Omar Jadwat*
Grace Choi*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
ojadwat@aclu.org
gchoi@aclu.org

* Admitted pro hac vice

Counsel for Plaintiffs

Respectfully submitted,

/s/ Amien Kacou
Amien Kacou (FL Bar No. 44302)
Amy Godshall (FL Bar No. 1049803)
Daniel B. Tilley (FL Bar No. 102882)
ACLU FOUNDATION OF FLORIDA,
INC.
4343 West Flagler Street, Suite 400
Miami, FL 33134
T: (786) 363-2700
akacou@aclufl.org
agodshall@aclufl.org
dtilley@aclufl.org

Paul R. Chavez (FL Bar No. 1021395)
Evelyn Wiese (CA Bar No. 338419)*
Christina Isabel LaRocca (FL Bar No.
1025528)
AMERICANS FOR IMMIGRANT
JUSTICE
6355 NW 36 Street, Suite 309
Miami, FL 33166
T: (305) 576-6273
pchavez@aijustice.org
ewiese@aijustice.org
clarocca@aijustice.org

Miriam Haskell (FL Bar No. 69033)
Alana Greer (FL Bar No. 92423)
Will Mann (FL Bar No. 1058086)
COMMUNITY JUSTICE PROJECT, INC.
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
T: (305) 907-7697
miriam@communityjusticeproject.com
alana@communityjusticeproject.com
will@communityjusticeproject.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by

electronic service through the CM/ECF Portal on May 16, 2025, to all counsel of record.

<u>/s/ *Amien Kacou*</u>
Amien Kacou